# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **COUNTRY MUTUAL INS. CO.,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 6:20-cv-00023-RDP |
| } | |
| **JAMES GARDNER, individually;** } | |
| **JAMES GARDNER d/b/a** } | |
| **JHCC CONSTRUCTION; and** } | |
| **SHIRLEY WALTON,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is before the court on Defendants James Gardner and JHCC Construction's Motion to Dismiss. (Doc. # 15). Plaintiff opposes the motion. (Doc. # 19). After careful consideration, the court concludes that Defendants' motion (Doc. # 15) is due to be granted in part and denied in part.

**I.    Background**

This case stems from a dispute between Plaintiff Country Mutual Insurance Company ("Country") and Defendants James Gardner, individually, and doing business as JHCC Construction[1] (collectively "Gardner Defendants"),[2] regarding Country's duty to indemnify and defend the Gardner Defendants in an underlying state court action.

---

[1] JHCC Construction is owned and operated by James Gardner. (Doc. # 1 at ¶ 2).

[2] Defendant Shirley Walton was also sued by Country Mutual in this case, but she is not a party to the motion before the court. She is the plaintiff in the underlying state court action.

As background, Country issued a businessowner insurance policy to the Gardner Defendants. (Doc. # 1 at ¶ 9). The Gardner Defendants subsequently entered into a verbal contract regarding the construction of a dwelling in Walker County with Defendant Shirley Walton (plaintiff in the underlying action). (Doc. # 1 at ¶¶ 9-10). According to Walton, the quality of the Gardner Defendants' work was "extremely poor and completely unacceptable." (Doc. # 1-1 at 4). Walton filed a lawsuit against the Gardner Defendants in the Circuit Court of Walker County, on October 18, 2019.[3] (Doc. # 1 at ¶ 4). In the state court action, Walton makes the following claims: (1) negligent construction; (2) negligent hiring and supervising of subcontractors; (3) wantonness in construction; (4) wantonness in hiring/supervising of subcontractors; (5) breach of contract; (6) breach of implied warranty of workmanship; and (7) breach of implied warranty of fitness and habitability. (*Id.* at ¶ 12-13).

Approximately two weeks after being served with process in the underlying action, the Gardner Defendants demanded that Country provide them with both a defense and indemnity. (Doc. # 1 at ¶ 14). Country initially denied coverage, claiming that the policy at issue does not cover the damages claimed by Walton in the underlying case. (Doc. # 1 at ¶¶ 15-19). (Doc. # 1 at ¶ 15). Specifically, Country argues the policy does not cover the alleged damage because:

> [1] The underlying complaint does not allege an "occurrence" and therefore does not trigger the subject insuring agreement[,] [2] [t]he "damage to property" exclusion excludes "property damage" to real property on which the insured or any of his subcontractors are performing operations as well as the part of any property that must be restore[d], repaired, or replaced because "your work" was incorrectly performed on it[,] [3] [t]he "damage to your work" exclusion…excludes "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard[,]" [4] [s]ome of the damages alleged in the underlying litigation relate to mold, and such damages are expressly excluded by the subject policy[,] [5] [t]he subject policy expressly excludes coverage for punitive or exemplary damages[,] and [6] [t]he insured failed to timely comply with

---

[3] The underlying case in the Circuit Court of Walton County is styled *Shirley Walton v. James Gardner a/k/a Jamie Gardner and JHCC Construction*, CV-2019-900368.

the notice requirements under the subject policy without adequate justification. (Doc. #1 at ¶ 19) (quotation marks in original).

After its initial denial, Country later agreed to provide the Gardner Defendants a defense under a strict reservation of rights. (Doc. # 1 at ¶ 15; *see* Doc. #1-5 at 1-11). Country continues to provide a defense for the Gardner Defendants in the underlying state court action. (Doc. # 1 at ¶ 14). On January 1, 2020, Country filed the instant action seeking a declaratory judgment that it does not owe the Gardner Defendants: (1) a duty to defend in the underlying action; and (2) a duty to indemnify for any judgment rendered in the underlying action. (Doc. # 1 at ¶ 20).

The Gardner Defendants filed a motion to dismiss, arguing that Country's claims are not ripe for adjudication. (Doc. # 15). Country filed responsive briefing arguing that its duty to defend and duty to indemnify claims are, indeed, ripe for adjudication. (*See* Doc. # 19). In the alternative, Country requests that if the court were to determine that only the defend claim is ripe, the court stay the accompanying unripe claim regarding indemnity while adjudicating its duty to defend. (Doc. # 19 at ¶¶ 8-10).

## II.     Standard of Review

The Gardner Defendants' motion asserts that Plaintiff's declaratory judgment is not ripe. A determination of whether a claim is ripe involves a question of subject matter jurisdiction. *Reahard v. Lee County*, 978 F.2d 1212, 1213 (11th Cir. 1992). A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a defense of lack of subject matter jurisdiction. The burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction (*i.e.*, here, Plaintiff). *Id.* "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Southeast Bank, N.A. v. Gold Coast Graphics Grp. Partners*, 149 F.R.D. 681, 683 (S.D. Fla. 1993) (*citing Stanley v. Central Intelligence Agency*,

639 F.2d 1146, 1157 (5th Cir. 1991); *Marshall v. Gibson's Prods., Inc. of Plano*, 584 F.2d 668, 671-72 (5th Cir. 1978); *see also Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004) (observing that a court may not proceed in the absence of subject matter jurisdiction).

A Rule 12(b)(1) motion may raise either a facial or factual attack. *Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (citing *McElmurray v. Consol. Govt. of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). "Facial attacks on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)) (additional citations omitted). On the other hand, "factual attacks" challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* In other words, when a party raises a factual attack to subject matter jurisdiction, the court is not obligated to take the allegations in the complaint as true, but may consider extrinsic evidence such as affidavits. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (citations omitted).

**III.   Analysis**

The court first addresses Country's duty to indemnify the Gardner Defendants in the underlying action. The court then turns to Country's duty to defend.

    **A.   Country's Duty to Indemnify Claim is Not Ripe**

As a general rule, "an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action." *Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1288 (S.D. Ala. 2016); *see Mid-*

*Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc*., 776 F. App'x 768, 770 (11th Cir. 2019) ("[An] insurer's duty to indemnify [the insured] is not ripe for adjudication until the underlying lawsuit is resolved."); *see also State Auto Ins. Co. v. Mays Auto Service*, *Inc*., 2018 WL 1583102, at *2 (N.D. Ala. 2018).

In this case, the underlying state court action is in its infancy, no judgment has been issued, and no settlement has been reached. So, at this stage of the proceedings, it is inappropriate for the court to exercise jurisdiction over any claim about Country's potential indemnity obligations. *Mid-Continent* F. App'x at 770; *see also J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims.") (citing *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001)). "Any discussion of the duty to indemnify would be premature . . . given the lack of any final adjudication of the [u]nderlying [a]ction." *Essex Ins. Co. v. Foley*, 2011 WL 1706214, at *3 (S.D. Ala. May 5, 2011). Therefore, until the state court action reaches a level of conclusion, Plaintiff's duty to indemnify is simply not yet ripe.

Further, Country's request that the court stay consideration of the unripe indemnity claim pending conclusion of the underlying action is improper. (Doc. # 19 at ¶¶ 8-10). District courts in Alabama have come to different conclusions regarding whether an unripe duty to indemnify declaratory judgment claim can be stayed, or must be dismissed without prejudice. *Penn-Star Ins. Co. v. Swords*, 2017 WL 4180889, at *7-9 n.13 (N.D. Ala. Sept. 21 2017) (collecting cases and authorities). The court has carefully considered the various cases and concludes that a stay of the unripe duty to indemnify claim is not appropriate. "The determination of ripeness 'goes to whether the district court [has] subject matter jurisdiction to hear the case.'" *Digital Props. Inc. v. City of Plantation*, 121 F.3d 586, 591 (11th Cir. 1997) (quoting *Greenbriar, Ltd. v. City of Alabaster*, 881

5

F.2d 1570, 1573 n.7 (11th Cir. 1989). Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue to entertain the claim. *Univ. S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Because the court is powerless to continue asserting jurisdiction over an unripe claim, the court concludes that it is not authorized to stay such a claim until it becomes ripe. *E.g., Canal Ins. Co. v. Cook*, 564 F. Supp. 2d 1322, 1325 (M.D. Ala. 2008 (citing *Sphere Drake Ins., P.L.C. v. Shoney's, Inc.,* 923 F. Supp. 1481, 1493 (M.D. Ala. 1996) ("Because the duty to indemnify will arise only after the underlying cases are resolved, this contention is premature.")); *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank,* 928 So.2d 1006, 1013 (Ala. 2005) ("Whether there is a duty to indemnify under the policy will depend on the facts adduced at the trial of the action" and "thus, we do not reach . . . the issue whether [the insurance company] has a duty to indemnify . . . .")); *Penn-Star Ins. Co.*, 2017 WL 4180889, at *9 (dismissing plaintiff's duty to indemnify claim because there was not a final judgment against the insured in the underlying state court action). Thus, Plaintiff's duty to indemnify declaratory judgment claim is due to be dismissed without prejudice.

      **B.**      **Country's Duty to Defend Claim is Ripe**

Under Alabama law, the determination of "whether an insurer has a duty to defend a suit against its insured is generally considered a controversy ripe for declaratory relief, even when the issue of the insurer's actual liability in the underlying suit may not be considered until after a resolution of that suit." *St. Paul Fire & Marine Ins. Co. v. Town of Gurley, Ala.*, 2012 WL 3637690, at *4 (N.D. Ala. Aug. 22, 2012) (quoting 16 LEE R. THOMAS & THOMAS F. SEGALLA, COUCH ON INSURANCE 3d § 227:29 (1997)).

Here, Country's duty to defend claim is ripe for adjudication because Country is currently providing Gardner Defendants with a defense in the underlying state court action, it contends that

6

no defense is due, and it has asked this court to determine whether it has a duty to defend the Gardner Defendants based on exclusions in the insurance policy. *See Universal Underwriters Ins. Co. v. Stokes Chevrolet, Inc.*, 990 F.2d 598, 605 (11th Cir. 1993) ("[B]ecause the decision on whether to provide a defense must be made at a preliminary stage in the proceedings, Alabama holds that an insurer's duty to defend may be broader than its duty to indemnify."). "Courts have recognized a controversy exists regarding the duty to defend when the insured seeks a defense from an insurance company, but the insurance company denies that it is obligated." *Atlantic Cas. Ins. Co. v. GMC Concrete Co., Inc.*, 2007 WL 4335499, at *5 (S.D. Ala. Dec. 7, 2007). This is the case here. The Gardner Defendants seek a continuing defense; Country asserts that it is not required to provide any further defense. Therefore, Country's duty to defend claim is ripe and is not due to be dismissed.

**IV.  Conclusion**

For the reasons explained above, the Gardner Defendants' Motion (Doc. # 15) is due to be granted in part and denied in part. A separate order in accordance with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this July 29, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE